## WINN *v.* SIMPSON.

### Opinion delivered January 29, 1923.

1. STIPULATIONS—AGREED STATEMENT.—In an action to quiet title,
   where plaintiff claimed under a tax deed executed in 1877 and
   defendant under deed from the State Land Commissioner exe-
   cuted in 1920, and trial was had on an agreed statement of facts
   that the land was subject to taxation in 1876 and was sold for
   nonpayment of taxes in 1877, and that the purchaser at such
   sale and his privies, including the plaintiff, have ever since
   been in actual possession of the land and paying taxes for
   same, a decree for plaintiff will be affirmed.

2. STIPULATIONS—PRESUMPTION OF TITLE.—In a suit to quiet title
   the presumption in favor of defendant's title arising from the
   recitals of his deed from the State Land Commissioner, executed
   in 1920, purporting to convey the land as internal improvement
   land, is overcome by a stipulation that the land was subject to
   taxation and was sold for taxes in 1877.

Appeal from Union Chancery Court; *J. Y. Stevens,*
Chancellor; affirmed.

*X. O. Pindall* and *Oscar H. Winn,* for appellant.

Appellee must recover upon the strength of his
own title and not upon the weakness of his adversary's
title.    75 Ark. 146; 69 Ark. 357.

*Frank M. Betts,* for appellee.

Appellant, under his cross-complaint, must show a
title superior to that of appellee.    The only evidence
of title he has shown is a deed from the State, and that
is only *prima facie* title.    Lawson, Presumptive Evi-
dence rule, 14, p. 67; 96 Ark. 42; 135 Ark. 367.    Such deed

would only raise a presumption that the land was properly on the books of the land office. As against this evidence, appellee has title, based not only upon the records in the recorder's office, but actual, uninterrupted possession and payment of taxes for more than forty years, which facts are admitted by appellant. Long continued payment of taxes creates a presumption that there was a legal liability to pay the taxes, and this furnishes a strong circumstance from which a court may infer a grant from the State. 135 Ark. 232; 114 Ark. 62; 120 U. S. 534. Appellee being in possession under *prima facie* title, appellant must show more than that, *i. e.,* the real title. 96 Ark. 42; 135 Ark. 367.

The State, having created its bureau of taxes, is bound to see that its officers impart correct information to parties dealing with it and do not mislead them. 140 U. S. 646.

McCulloch, C. J. The subject-matter of this litigation is a tract of land in Union County, the title to which is claimed by the parties on each side of the controversy.

Appellants claim title to the land under a deed of conveyance from the State Land Commissioner, executed on January 8, 1920, purporting to convey the property as internal improvement land.

Appellee claims title under a tax sale made in the year 1877 for the taxes of 1876, and continued occupancy and the payment of taxes by appellee and his predecessors down to the commencement of the present action. Appellee instituted the action in the chancery court of Union County against appellants to quiet his title, which is set forth in the pleadings, and appellants answered setting forth their title under the purchase from the State Land Commissioner, as aforesaid, and alleging that the forfeiture for taxes under which appellee claims was void, for the reason that the land was then owned by the State, and was subject to taxation.

The cause was tried on an agreement in writing as to the facts. Among other things, it was agreed that the land in controversy, describing it, "was subject to taxation for the year 1876, and was sold for nonpayment of taxes June 14, 1877, to Jacob M. Webb, and clerk's deed of tax sale issued. That since said date (1877) said Webb and his grantee down to the present occupant, petitioner G. D. Simpson, have been in actual possession of said land and paying the taxes on same."

Appellants introduced the deed under which they claimed, which is dated January 8, 1920, and purports to convey the land as internal improvement land at the price of $2.50 per acre.

There was no attack made on the validity of the tax sale under which appellee claims title, further than the allegation in the complaint that the land was not subject to taxation at that time, for the reason that the title was in the State as internal improvement land. However, appellants are concluded by their own agreement, set forth in the written statement of facts, that the land in controversy "was subject to taxation for the year 1876."

The chancery court based its decree in favor of appellee upon a finding of fact in accordance with this stipulation, and this finding is conclusive of the case, being supported by the agreement of the parties as to the facts. There is nothing in the record in conflict with this stipulation, except the presumption which arises from the deed of the State Land Commissioner under which appellants claim title. But this presumption is only *prima facie* and may be overcome by other testimony, and the presumption is overcome by the stipulation to the effect that the land was subject to taxation at the time it was taxed and sold.

There is no proof that this land was ever internal improvement land, except the presumption arising from the recitals of the deed, but, as before stated, this was overcome by the stipulation that the land was then subject to taxation, which necessarily implied either that

the land was not of that character, or that the title had passed to individual ownership so as to make the land subject to taxation. None of the records of the Land Department were introduced in evidence, and appellants relied entirely upon the presumption arising from the recitals of the deed.

Decree affirmed.